that Schenker is the "managing agent" of Mutual, and that therefore the service of process upon Schenker was valid service upon Mutual.

### Order

And now, to wit, this 3rd day of August, 1961, It Is Hereby Ordered that the motion to dismiss of the defendant, Mutual Readers League, Inc. is Denied.

H. David Rothman, Pittsburgh, Pa., for plaintiff.

Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the Court on defendant's motion to dismiss the complaint for the reason that it is not "doing business" in Pennsylvania and, therefore, is not subject to service of process by registered mail via the Sect of the Commonwealth.

The sole question presented is whether the activities of defendant are sufficient to constitute the "doing of business" within the Commonwealth of Pennsylvania, 15 Pa.P.S. § 2852–1011.

In support of its position defendant has executed an affidavit under oath that it does not conduct any business actively in Pennsylvania. Plaintiffs, on the other hand, allege in their complaint that defendant is engaged in doing business in Pittsburgh, Pennsylvania.

In view of the settled law of this circuit that the allegations contained in a complaint, for purposes of evaluating a motion to dismiss, shall be considered and accepted as true just as the Court would so construe an affidavit. It would, therefore, appear that two irreconcilable positions are advanced which

Kathryn M. EVANS, Individually, and William Evans, a minor by Kathryn M. Evans, his parent and natural guardian, Plaintiff,

v.

DELL PUBLISHING COMPANY, Inc., a Foreign Corporation, Defendant.

Civ. A. No. 61–242.

United States District Court
W. D. Pennsylvania.

June 30, 1961.

corporation. It follows that the appellee is amenable to suit in a state or federal court of Ohio by appropriate service upon Drummond." 167 F.2d at page 683.
And in the case of Lone Star Package Car Co., supra, the court said:

"If a corporation's business is so substantial as to render the corporation amenable to suit in the state, its principal agent in charge of activities within that state meets the test of a 'managing agent.'" (Citing cases.) 212 F.2d at page 152.

raise a factual dispute. Kroese v. General Steel Castings Corporation et al., 3 Cir., 179 F.2d 760, 15 A.L.R.2d 1117.

The District Court may decide the issue of jurisdiction either itself or refer it to a jury for resolution, 28 U.S.C.A. § 1332(a) (1); Seideman v. Hamilton, 3 Cir., 275 F.2d 224.

. In course of argument, plaintiff counsel represented to the Court that he desired to amend the complaint to join as an additional defendant, Dell Distributing Company, Inc.

Now, therefore, this 30th day of June, 1961, motion of defendant to dismiss the complaint for lack of jurisdiction is hereby refused, it being provided that at the time of the administration of the above jury proceeding, the question of whether defendant was engaged in "doing business" in Pennsylvania should be submitted for jury determination under appropriate instructions.

Finally, it is ordered that plaintiff must file amendment to complaint on or before July 17, 1961, and defendant shall file answer to complaint and/or amended complaint on or before August 7, 1961.

**William J. HILL, Claimant and Wage Earner, Social Security Account No. 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, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, United States of America, Defendant.**

**Civ. A. No. 912.**

United States District Court
N. D. Alabama,
Jasper Division.
June 6, 1961.

Elliott & Jackson, and Bankhead & Petree, Jasper, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and John P. Maxwell, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

Plaintiff, born in 1899, filed his application in December, 1955, for a "disability freeze" under the provisions of the Social Security Act. He sues here pursuant to 42 U.S.C.A. § 405(g) to review the final decision of the Secretary of Health, Education and Welfare, denying his application to establish a period of disability under Title II of the Social Security Act, as amended.

Submitted upon the pleadings and a certified transcript of the proceedings, jurisdiction of this court is invoked to determine whether there is substantial evidence in the record to support the ultimate finding of the Secretary that plaintiff failed to establish that during the period beginning in December, 1953, when he claimed his disability commenced, through December 31, 1955, the calendar quarter in which he filed his application, or .even through March 31,